IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATHAN D. MURRY,<br><br>  Petitioner.<br>_____ | C 05-3831 JSW (PR)<br><br>**ORDER OF DISMISSAL FOR FAILURE TO EXHAUST AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket no. 2) |

## INTRODUCTION

Petitioner, a state prisoner, filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 when he was incarcerated at San Quentin State Prison. Approximately three months ago, Petitioner informed the Court that he was being transferred to the California Mens Colony in San Luis Obispo, but he has not provided the Court with a forwarding address. The Court dismisses the petition without prejudice because Petitioner has not exhausted his state court remedies.

## BACKGROUND

The allegations in the petition are not entirely clear, but Petitioner appears to complain that the time constraints for providing him with a parole revocation hearing were not met by the Board of Prison Terms (BPT), and therefore he is being held unlawfully. In the petition, he states that on August 25, 2005, he received a notice that his revocation hearing would be held on September 1, 2005, which he alleges is forty-four days late. He does not inform the Court of the results of the hearing, but his transfer to the California Mens Colony indicates the likelihood that parole was revoked. He signed his petition on September 1, 2005, and it was received and filed in this district on September 22, 2005. He does not allege that he presented his claims to any state court for review, and the short time period between the date of his hearing and the filing of his federal petition indicates that he did not do so.

## DISCUSSION

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[W]hen prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute." *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). Here, Petitioner states that he is entitled to habeas corpus relief because of the BPT's failure to provide him with a timely parole revocation hearing.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because it appears from the face of the petition that Petitioner has not presented his claim to the Supreme Court of California for review, the claim is unexhausted. Accordingly, this Court may not entertain the petition.

## CONCLUSION

The petition for a writ of habeas corpus is DISMISSED without prejudice to refiling after available state judicial remedies are exhausted. The motion for the appointment of counsel is DENIED as moot. (Docket no. 2.) The clerk shall close the file and enter judgment in this matter.

IT IS SO ORDERED.

DATED: _1/10/06_____     /s/ Jeffrey S. White
JEFFREY S. WHITE
United States District Judge